UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ADAM DIAZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | Cause No. 2:04-CV-446 |
| vs. ) | |
| ) | |
| DAN MCBRIDE, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This matter is before the court on the Motion for Appointment of Counsel filed by the petitioner, Adam Diaz, on March 28, 2005, and the Motion for Enlargement of Time filed by Diaz on April 18, 2005. For the reasons set forth below, the motion for appointment of counsel is **DENIED** and the motion for enlargement of time is **GRANTED**.

### Background

The petitioner, Adam Diaz, is challenging the ruling in a CAB hearing at the Miami Correctional Facility which found him guilty of committing battery upon another person with a weapon.

### Discussion

Diaz says that he has contacted several attorneys but has been unsuccessful in obtaining private counsel. The decision to appoint counsel is within the sound discretion of the district courts. *See* **Hossman v. Blunk**, 784 F.2d 793, 797 (7th Cir. 1986). In addition, counsel is not generally appointed "unless denial would result in fundamental unfairness, impinging on due process." **LaClair v. United States**, 374 F. 2d 486, 489 (7th Cir. 1967). *See also* **McNeil v. Lowney**, 831 F. 2d 1368 (7th Cir. 1987).

Courts do not intervene on a litigant's behalf "as of course;

they recruit lawyers for the parties only when the cases are colorable, the facts may be difficult to assemble, and the law is complex." *DiAngelo v. Illinois Department of Public Aid*, 891 F. 2d 1260, 1261 (7th Cir. 1989).  The court should reserve its power to appoint counsel to those cases presenting exceptional circumstances as determined by "an evaluation of both ëthe likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.í" *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993) (*quoting* *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  Thus, a court may deny counsel in a relatively simple case in which a *pro se* litigant can adequately handle the discovery process and the trial.  *Lovelace v. Dall*, 820 F.2d 223 (7th Cir. 1987).  Although a good lawyer may do better than the average person, that is not the test. If it was, district courts "would be required to request counsel for every indigent litigant." *Farmer*, 990 F.2d at 323.

Diazís case does not involve "exceptional circumstances." His claims do not appear to be particularly complex, and he appears to be competent to try the case himself.  The facts surrounding the alleged constitutional violations seem to be within his personal knowledge; counsel is not needed to investigate the facts.  To date, Diaz has articulated his claims quite plainly and has diligently proceeded with the case.

Diaz has suggested that his mental condition and lack of knowledge of the English language impair his ability to present this case.  See *Castillo v. Cook County Mail Room Department*, 990

2

F.2d 304 (7th Cir. 1993) (court may appoint counsel *sua sponte* where there is a colorable claim and the *pro se* filing indicates that the litigant has some difficulty with the English language); **Merritt v. Faulkner**, 697 F.2d 761, 765 (7th Cir.1983)(litigant was blind); **Maclin v. Freake**, 650 F.2d 885, 889 (7th Cir. 1981) (litigant was a paraplegic). However, in this case Diaz's suggested problems have not hindered him from filing documents and making motions in this case. His documents are coherent and fluent.

_____

For the foregoing reasons, the Motion for Appointment of Counsel filed by the petitioner, Adam Diaz, on March 28, 2005 is **DENIED**. However, the Motion for Enlargement of Time filed by Diaz April 18, is **GRANTED**. Diaz shall file his traverse by June 30, 2005.

ENTERED this 2 May, 2005

                         s/ ANDREW P. RODOVICH
                            United States Magistrate Judge