UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ADAM DIAZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CAUSE NO. 2:04-CV-446 PS |
| | ) |
| DAN MCBRIDE, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Petitioner Adam Diaz submitted a motion for leave to file interrogatories, for an evidentiary hearing, and for issuance of subpoena duces tecum. Diaz's motions, through various forms of discovery, seek additional information regarding his CAB hearing. The respondent has submitted the entire administrative record which the court has reviewed. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a mater of ordinary course" *Bracy v. Gramley,* 520 U.S. 899 (1997). The Court in *Bracy* held that it is left to the discretion of the judge whether or not there is good cause to grant leave for discovery. *Id.* at 904.

In this case, the requests do not show good cause as to why discovery should be granted. The motion for interrogatories states Diaz's claims, but does not include any interrogatories. The motion for an evidentiary hearing states all of the factual disputes Diaz believes exists in this case. However, he does not state what evidence he has to present to support his allegations. A hearing is unnecessary in a habeas proceeding where the "petitioner makes conclusory or speculative allegations rather than specific factual allegations." *Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir.1996) (quoting *Daniels v. United States*, 54 F.3d 290, 293 (7th Cir.1995)). Here, Mr. Diaz says a hearing would be necessary to try the factual issues. Mr. Diaz's speculative allegations that

evidence is being suppressed, or that the CAB lied, does not entitle him to a hearing. His motion for subpoena duces tecum requests items which are either in the record, such as the photograph and appeal, or are part of an internal affairs investigation which Diaz says took place after the CAB hearing he is challenging, and therefore were not part of that proceeding. Because Diaz has not shown good cause to allow discovery, the motions [Docket Nos. 30, 38, & 39] are **DENIED**.

**SO ORDERED.**

Entered: June 10, 2005

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
